**Randy OGROD,**

v.

**BUREAU OF PRISONS; John Nash, F.C.I. Fort Dix.**

No. 04–4067.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) April 18, 2005.

Decided April 18, 2005.

Randy Ogrod, Fort Dix, NJ, pro se.

Irene Dowdy, Office of United States Attorney, Trenton, NJ, for Appellees.

Before NYGAARD, VAN ANTWERPEN and STAPLETON, Circuit Judges.

OPINION

PER CURIAM.

Randy Ogrod appeals from the District Court's order dismissing his habeas corpus petition filed under 28 U.S.C. § 2241. In his habeas petition, Ogrod challenges the calculation of his good conduct time ("GCT") by the Bureau of Prisons ("BOP"). For the following reasons, we will affirm the District Court's order.

Ogrod is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, serving a federal sentence of 70 months for conspiracy to dis-

tribute a controlled substance. According to the BOP, Ogrod is eligible under the applicable statute, 18 U.S.C. § 3624(b), to earn up to 274 days of GCT. The BOP's calculation is based on the time Ogrod will actually serve in prison, not on the 70 months of sentence imposed.

After administratively challenging the BOP's calculation of his GCT, Ogrod filed a § 2241 habeas corpus petition in the District Court. In his habeas petition, Ogrod argues that the BOP's calculation of his GCT deprives him of the amount to which he is entitled by statute. Ogrod asserts that § 3624(b) allows him to earn up to 54 days per year based on the term of sentence imposed, not 54 days per year based on time actually served as the BOP's calculation provides. The District Court rejected Ogrod's position and dismissed his habeas petition, and subsequently denied his timely motion for reconsideration. Ogrod appeals.[1]

We will affirm the District Court's order. While Ogrod's appeal was pending, we resolved the issue in *O'Donald v. Johns*, 402 F.3d 172 (3d Cir.2005). In *O'Donald*, we held that the meaning of § 3624(b) is ambiguous and thus deferred to the BOP's reasonable interpretation of the statute. *See O'Donald*, 402 F.3d 172, 474. Ogrod's challenge, identical to the one raised and rejected in *O'Donald*, is unavailing.

In short, for the reasons described in *O'Donald*, the District Court properly rejected Ogrod's challenge to the BOP's calculation of his GCT. Accordingly, we will affirm the District Court's order dismissing his habeas corpus petition.

---

1. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact. *See Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir.2002).